[Civ. No. 17613. Second Dist., Div. One. Jan. 10, 1951.]

RONALD CHARLES PATCHEN, a Minor, etc., et al., Respondents, v. WILLIAM EICHMEYER, a Minor, etc., et al., Appellants.

Alexander H. Schullman and David S. Smith for Appellants.

Newell & Chester and Robert M. Newell for Respondents.

DORAN, J.—This is an action for personal injuries suffered by the infant respondent as a result of being struck by a motorcycle operated by the infant appellant. On February 27, 1948, the day of the accident, both boys were students at John Marshall High School and were in the act of leaving the school at 3:15 p. m. of that day.

As found by the trial court, "Ronald Charles Patchen . . . was walking in a generally westerly direction across Monon Street; . . . the defendant William Eichmeyer was operating that certain 1940 Harley-Davidson motorcycle in a generally southerly direction on Monon Street, where it passes by said school." The court found that the motorcycle was operated "in such a careless, reckless, and negligent manner as to cause the same to run into, against, upon and collide with" respondent's person, "thereby hurling him with great force onto the street."

A judgment was rendered in favor of the infant respondent in the sum of $2,800, and in favor of the boy's father for $372.86 for money expended for the son's medical treatment. The judgment was against the infant appellant's father and mother as well as being against the son William Eichmeyer who was riding the motorcycle. Liability of the parents was predicated upon findings that Blanche Eichmeyer, the mother, "signed the application of her son William Eichmeyer for a permit to operate a motor vehicle," and that the son "was

operating said motorcycle with the consent and permission of his parents and co-defendants.''

It is the appellants' contention that ''There was no evidence to support a judgment against the defendant, Glen Eichmeyer'' (the boy's father); that ''The evidence *as a matter of law* established the negligence of the Plaintiff, Ronald Charles Patchen proximately contributing to and causing the accident''; and that William Eichmeyer in operating the motorcycle ''was not guilty of any negligence.''

██ Answering the above contentions, respondents point to evidence, which if believed, would support the trial court's findings. As disclosed by the record, it appears that the Patchen boy, aged 16, with two other schoolboys, started to cross Monon Street in the middle of the street. There was no marked crosswalk at that point but there was evidence that it was common practice for students to cross the street in the middle of the block.

As the boys started across Monon Street, each looked both ways and saw no approaching traffic. Ronald was a few feet ahead of the other boys; halfway across the street the boys heard appellant's motorcycle coming around the corner from Griffith Park Boulevard. William Eichmeyer, aged 17, with a student passenger on the rear of the motorcycle, made a left-hand turn from Griffith Park Boulevard onto Monon Street ''cutting the button'' by some 14-16 inches in making the turn. It was William's testimony that a previous speed of 25-30 miles per hour had been cut to 25 miles in making the turn; that in turning, the machine leaned at an angle of about 45 degrees and had just pulled out of this bank before the impact. The motorcycle missed striking respondent's companions by some 1½-2 feet but struck Ronald, who upon seeing the approaching vehicle, ''tried to jump to the opposite curb as I was almost all the way across the street.'' The point of impact was 6-8 feet from the west curb of Monon Street, and after the impact Ronald landed in the gutter next to the curb. There was an unobstructed view of Monon Street; William saw the three boys crossing the street and claimed to have applied the brakes; however, no squeal of brakes being applied was heard.

The motorcycle had been purchased about a year before the accident; William Eichmeyer lived at home, kept the motorcycle there and used it for school transportation. William's parents did not testify, and the only testimony in regard to the parents' consent was given by William who stated that ''both my mother and father had voiced their dis-

approval of me riding the cycle." As before noted, the mother had signed William's application for a permit to operate a motor vehicle.

It is appellants' theory that "When the plaintiff saw the motorcycle, instead of yielding the right of way thereto, he attempted to beat the motorcycle," in violation of section 562 of the Vehicle Code requiring that pedestrians yield to motor vehicles "at any point other than within a marked cross-walk or within an unmarked cross-walk at an intersection," and that the accident resulted from respondent's failure to exercise care during all the time that the boys were crossing the street. It is maintained that William Eichmeyer did everything possible in trying to avoid the collision; that the motorcycle was not proceeding at "a high rate of speed," and that there was no causal connection between appellant's "cutting the button" in making the turn and the subsequent accident.

The present case resolves itself into the consideration of factual issues only. The substance of appellants' contentions is that upon the evidence presented the trial court should have arrived at a different result from that mirrored in the judgment. Such position, however, is based upon a partisan survey of the record, choosing those portions of the testimony favorable to appellants' theory of the case. But such an approach is not that authorized to be employed for purposes of appellate review. On the contrary, the evidence must be reviewed in the light most favorable to the respondents, and if the record discloses substantial evidence in support of the judgment, an affirmance is called for. That the present record does reveal such evidence can hardly be denied.

The questions of negligence and of contributory negligence are pure questions of fact which in this case have been resolved by the trial court in respondents' favor. The matter of the parents' consent to the son's operation of the motorcycle is likewise a question of fact. From evidence that the parents had permitted William to buy and use the vehicle for more than a year and that the motorcycle could have been taken away from the son if the parents objected to its use, coupled with the fact that the mother had signed the application to operate a motor vehicle, an inference of consent to its use can hardly be deemed unsupported. In such a situation the decision of the trial court must stand.

The judgment is affirmed.

White, P. J., and Drapeau, J., concurred.